IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS F. MOODY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-20-00696-JD ) |
| JANET DOWLING, Warden, | ) ) |
| Respondent. | ) |

# ORDER

Before the Court is a Report and Recommendation [Doc. No. 14] issued by United States Magistrate Judge Suzanne Mitchell on December 22, 2020. Judge Mitchell recommends that the Court grant Respondent's Motion to Dismiss [Doc. Nos. 12, 13] and dismiss as untimely Petitioner Nicholas Frank Moody's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1]. Judge Mitchell advised Moody that the deadline to file an objection to the Report and Recommendation was January 12, 2021, and that failure to timely object to the Report and Recommendation would waive the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 14 at 11].

Moody filed a timely objection [Doc. No. 15],[1] and the Court therefore conducted a *de novo* review of those portions of the Report and Recommendation to which Moody

---

[1] The Court deems the objection filed on the day Moody gave it to prison authorities for mailing. *Price v. Philpot*, 420 F.3d 1158, 1164 n.4 (10th Cir. 2005) (citing *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam)). Moody mailed his objection on January 7, 2021, and it was received and filed on January 15, 2021. [Doc. Nos. 15, 15-1].

objected, consistent with 28 U.S.C. § 636(b)(1). Having carefully reviewed Moody's habeas petition, Respondent's motion to dismiss, the Report and Recommendation, and Moody's objection, and for the reasons stated below, the Court ACCEPTS and ADOPTS the Report and Recommendation and DISMISSES Moody's habeas petition as untimely.

## I.   BACKGROUND

### A. Moody's State-Court Conviction and Appeal

An Oklahoma County jury found Moody guilty of first-degree murder and shooting with intent to kill on March 8, 2017, and the state district judge sentenced Moody to concurrent sentences of life in prison without parole for first-degree murder and 20 years' imprisonment for shooting with intent to kill. *See* Pet. [Doc. No. 1] ¶¶ 1–6. Moody directly appealed his judgment of conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed Moody's judgment and sentence on November 1, 2018. *Id.* ¶¶ 8–9; *see also* Opinion [Doc. No. 1-1]. Moody did not seek certiorari review in the United States Supreme Court. Pet. ¶ 9(g).

On January 16, 2020, Moody filed a pro se application for postconviction relief in the state district court.[2] *Id.* ¶ 11; Appl. for Post-Conviction Relief [Doc. No. 1-2]. The state district court denied Moody's application on April 16, 2020. Pet. ¶ 11. Moody appealed that denial to OCCA, and OCCA affirmed the district court's decision on June

---

[2] The prison mailbox rule does not apply to postconviction filings in Oklahoma state district courts. *Moore v. Gibson*, 27 P.3d 483, 484 (Okla. Ct. Crim. App. 2001); *see also Hall v. Ward*, 117 F. App'x 18, 20 (10th Cir. 2004) (unpublished). Under Oklahoma law, an application for postconviction relief is "filed" when it is delivered to the proper court for filing. *Moore*, 27 P.3d at 484. Moody's application was received and filed in the District Court of Oklahoma County on January 16, 2020. [*See* Doc. No. 1-2 at 1].

29, 2020. *Id.*; Order Aff'g Denial of Appl. for Post-Conviction Relief [Doc. No. 1-4].

## B. Moody's Petition for Writ of Habeas Corpus

Moody filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on July 16, 2020.[3] He raises nine grounds for relief. In Ground One, Moody asserts the evidence at trial was insufficient to support his convictions. Pet. at 4. In Ground Two, Moody alleges he was denied "an impartial jury comprised of a fair cross-section of the community." *Id.* at 6–7. Moody alleges in Ground Three that the trial court improperly instructed the jury on flight. *Id.* at 8. In Ground Four, Moody asserts he is entitled to a new trial due to cumulative error. *Id.* at 9. And in Grounds Five through Nine, Moody alleges numerous instances of ineffective assistance of appellate counsel. *Id.* at 10–27.

## C. The Report and Recommendation

Respondent moved to dismiss the Petition, arguing that the Petition is time-barred because Moody did not file it within the one-year limitations period established in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), and that there are no grounds to apply equitable tolling or an equitable exception. [*See* Doc. Nos. 12, 13]. Moody did not respond to the motion to dismiss.

On December 22, 2020, Judge Mitchell entered a Report and Recommendation, concluding that Moody's Petition was time-barred and should be dismissed. Judge

---

[3] The Petition is deemed filed on the day it was given to prison authorities for mailing. *Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007); *Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Moody signed and verified the Petition and placed it in the prison mail on July 16, 2021. [*See* Doc. Nos. 1, 1-5]. Accordingly, it is deemed filed on that date.

Mitchell determined that Moody's conviction became final on January 30, 2019, when the 90-day period expired for Moody to seek certiorari review of OCCA's November 1, 2018 order affirming Moody's conviction. [Doc. No. 14 at 5–6]. Judge Mitchell concluded that Moody's statutory one-year limitations period began to run the next day and, absent tolling, expired one year later, on January 31, 2020. *Id.*

Judge Mitchell also determined that the limitations period was tolled from January 16, 2020, when Moody filed his application for postconviction relief, until June 29, 2020, when OCCA affirmed the trial court's denial of relief, a total of 165 days.[4] *Id.* at 6–7. Adding this 165-day period to Moody's original January 31, 2020 deadline, Judge Mitchell concluded that Moody's one-year limitations period expired July 14, 2020, making his July 16, 2020 Petition untimely. *Id.* at 7. Judge Mitchell further concluded that Moody was not entitled to equitable tolling and had not made a credible showing of actual innocence that would justify an exception to the statutory limitations period. *Id.* at 8–10. Accordingly, she recommended dismissal of the Petition as untimely.

### D. Moody's Objections

Moody raises several objections to the Report and Recommendation. First, he objects to the method Judge Mitchell used in calculating the date Moody's conviction became final. Second, he argues that he is entitled to equitable tolling of the statute of limitations. And third, Moody argues that his Petition should be heard on its merits because he has a viable actual innocence claim. The Court addresses each of these

---

[4] This number accounts for the fact that there were 29 days in the month of February 2020.

objections below.

## II.   DISCUSSION

### A. Whether Judge Mitchell correctly calculated the date Moody's conviction became final.

AEDPA requires an application for a writ of habeas corpus to be filed within one year of the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, Judge Mitchell concluded that the starting date for the limitations period is the date Moody's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. [Doc. No. 14 at 5–6]. Moody does not challenge this conclusion; instead, he contends that Judge Mitchell erred in calculating the date when Moody's direct review process expired in that she did not account for the fact that OCCA allows a party to petition for rehearing within 20 days of OCCA's decision. *See* Obj. [Doc. No. 15] at 1–3. Liberally construed, Moody's argument appears to be that his last day to seek certiorari review with the United States Supreme Court (and

thus the date on which his conviction became final) was not 90 days from the filing of OCCA's order affirming Moody's conviction and sentence, but rather 90 days from the last day Moody could have petitioned OCCA for rehearing. *See id.*

This argument lacks merit. Supreme Court Rule 13.3 specifically explains how the petition-for-rehearing process affects a party's deadline to seek certiorari:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

S. Ct. R. 13.3. Under this rule, only a timely petition for rehearing (or a lower court's *sua sponte* consideration or appropriate consideration of an untimely petition for rehearing) will extend the deadline for seeking certiorari.

Moody did not file a petition for rehearing with OCCA (timely or otherwise), and nothing in the record suggests OCCA *sua sponte* considered rehearing. Accordingly, under Supreme Court Rule 13.3, Moody's deadline to seek certiorari review began to run on November 1, 2018, when OCCA entered its order affirming Moody's sentence and conviction. Moody had 90 days from that date, or until January 30, 2019, to petition for certiorari. *See* S. Ct. R. 13.1. Moody did not seek certiorari, and therefore Judge Mitchell correctly determined that Moody's conviction became final on January 30, 2019. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [§ 2244(d)(1)(A)], a petitioner's conviction is not

final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (citation omitted)). Based on this determination, Judge Mitchell also correctly concluded that Moody's one-year statute of limitations began to run the following day, January 31, 2019, and absent tolling expired one year later, on January 31, 2020. *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Moody's objection is therefore overruled.

As discussed above, Judge Mitchell further determined that Moody was entitled to 165 days of statutory tolling while Moody's state application for postconviction relief was pending. Adding that 165-day period to Moody's January 31, 2020 deadline, Judge Mitchell found that Moody's one-year limitations period expired July 14, 2020. Moody did not object to Judge Michell's conclusions on statutory tolling, and the Court therefore accepts that portion of the Report and Recommendation without further analysis.

**B. Whether Judge Mitchell correctly determined that Moody was not entitled to equitable tolling.**

Judge Mitchell concluded that Moody is not entitled to equitable tolling and that his Petition is time-barred because it was filed on July 16, 2020—two days after the deadline. Moody objects to this conclusion, arguing that equitable circumstances exist that support a tolling of AEDPA's statute of limitations.

To obtain equitable tolling, Moody must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "'strong burden'" that requires the petitioner "'to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Examples of the "rare and exceptional circumstances" for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted). "Simple excusable neglect is not sufficient. . . . [A] petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Moody offers two reasons why equitable tolling should apply in this case. First, Moody argues that the limitations period should be extended because his appellate counsel failed to petition OCCA for rehearing on Moody's direct appeal. [Doc. No. 15 at 2–3]. The Court does not find this circumstance extraordinary. In *Holland*, the Supreme Court reaffirmed its holding that "'a garden variety claim' of attorney negligence" will not equitably toll the statute of limitations. 560 U.S. at 651–52 (quoting *Irwin*, 498 U.S. at 96). While "egregious behavior" on the part of an attorney can "create an extraordinary circumstance that warrants equitable tolling," *id.* at 651, Moody has alleged no facts to

show his case involves such an instance of serious attorney misconduct. Moreover, there is no indication the acts or omissions of Moody's appellate counsel "stood in [Moody']s way and prevented timely filing" of his federal habeas petition. *Id.* at 649 (cleaned up). The only consequence of the decision not to seek rehearing was that Moody's conviction became final and the statute of limitations began running earlier than it would have otherwise; it did not prevent Moody from timely filing his habeas petition.

Second, Moody alleges that he is ignorant of the law and was without legal aid in discerning AEDPA's requirements. Obj. at 4. However, this Court must follow the Tenth Circuit, and in the Tenth Circuit it is well recognized that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted); *see also Miller*, 141 F.3d at 978 (equitable tolling not justified by fact that petitioner simply did not know about AEDPA time limitation). Moody has not raised any convincing reason why this Court should disregard this well-established rule. For these reasons, the Court overrules Moody's objections and finds that Moody is not entitled to equitable tolling of AEDPA's limitations period.

**C. Whether Judge Mitchell correctly determined that Moody had not presented a tenable actual innocence claim.**

In *McQuiggin v. Perkins*, the Supreme Court held that "a credible showing of actual innocence" provides an equitable exception to AEDPA's statute of limitations. 569 U.S. 383, 392 (2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Judge Mitchell concluded that Moody had not presented new, reliable evidence of actual innocence. Having reviewed the matter *de novo*, the Court agrees with Judge Mitchell's reasoning and conclusion on this issue. Moody offers nothing more than speculation that Paula Bradley—an eyewitness who pleaded guilty to being an "accessory" and stated in her plea that she "drove Nicholas Moody away from the scene of a murder [she] knew he committed"—might recant that statement and implicate someone else if she were cross-examined at trial. [Doc. No. 1 at 16, 19]. Not only is this speculation not evidence (much less new or reliable), the Court is not persuaded that a reasonable jury hearing this testimony would be unable to find Moody guilty beyond a reasonable doubt—particularly considering one of the victims identified Moody at trial as the person who shot him. *See id.* at 5–6; [Doc. No. 1-1 at 2]. Accordingly, Moody is not entitled to an exception to AEDPA's limitations period based on actual innocence.

### III. APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability,

Moody must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moody can satisfy this standard by demonstrating that jurists of reason "could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). After considering this Order, the Report and Recommendation, and the record, the Court finds that reasonable jurists could not debate the Court's determinations that Moody's habeas petition is untimely under § 2244(d)(1)(A) and that he is not entitled to equitable tolling or an exception based on a credible showing of actual innocence. In sum, the Court finds that Moody cannot meet the statutory standard in § 2253(c)(2) as elucidated by governing authority. Because Moody cannot make the required showing, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, the Court:

(1) ACCEPTS and ADOPTS the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 14];

(2) GRANTS Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Doc. No. 12]; and

(3) DISMISSES this action as untimely.

IT IS SO ORDERED this 15th day of June 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE